IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RICCO CONNER                                                                                          PETITIONER
Reg. #20470-076

V.                                          NO. 2:12CV00049-JTR

T.C. OUTLAW, Warden,                                                                              RESPONDENT
FCI-Forrest City

## MEMORANDUM AND ORDER

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Ricco Conner, an inmate who is currently incarcerated in the Federal Correctional Institution in Forrest City, Arkansas. (Docket entry #1.) Respondent has filed a Response, and Petitioner has filed a Reply. (Docket entries #6 and #11.) Thus, the issues are joined and ready for disposition.

### I.  Background

In April 2006, Petitioner pleaded guilty in the Western District of Tennessee to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841, and to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g).  In June 2007, the trial court sentenced him to 188 months of imprisonment on each conviction, to run concurrently. *United States v. Conner*, W.D.

Tenn. No. 1:05-cr-10070-JDT (Resp't Ex. 1, at #21-#23, #75-#78 [docket entry #6-1]).[1] As part of his plea agreement, Petitioner waived his right to a direct appeal.

On March 17, 2008, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence, arguing that: (1) his attorneys provided ineffective assistance which rendered his guilty plea invalid; (2) his indictment was defective due to lack of jurisdiction; and (3) the court abused its discretion by commenting on his mental capacity and by giving conflicting advice to him about his retained attorneys. *Conner v. United States*, W.D. Tenn. No. 1:08-cv-1059-JDT-egb.

On March 10, 2009, while his § 2255 motion was still pending in the trial court, Petitioner filed a motion for reduction of sentence under 18 U.S.C. § 3582(c). He argued that his sentence should be reduced based on an amendment to the United States Sentencing Guidelines which lowered base offense levels for crack cocaine offenses. The trial court denied the motion. (Resp't Ex. 1, at #80, #82.) On February 8, 2010, the Sixth Circuit Court of Appeals affirmed the trial court's decision. *United States v. Conner*, No. 09-5503 (6th Cir. Feb. 8, 2010).

On January 26, 2011, the trial court denied Petitioner's § 2255 motion on the ground it was without merit, and simultaneously denied a certificate of appealability.

---

[1]This is the docket sheet from Petitioner's criminal case in the United States District Court for the Western District of Tennessee. The Court has electronically accessed specific docket entries, as well as the docket sheets from Petitioner's cases in the Sixth Circuit Court of Appeals.

*Conner v. United States*, No. 1:08-cv-1059-JDT-egb (W.D. Tenn. Jan. 26, 2011) (Resp't Ex. 2 [docket entry #6-2]). Petitioner's appeal was dismissed by the Sixth Circuit for lack of prosecution. *Conner v. United States*, No. 11-5271 (6th Cir. June 15, 2011).

On March 20, 2012, Petitioner initiated this § 2241 habeas action. In his Petition and Brief in Support, he argues that his convictions should be vacated because: (1) the criminal statutes under which he was convicted, 21 U.S.C. § 841(a)(1) and § 841(b), violate the Due Process Clause; (2) United States Sentencing Guideline § 2D1.1, as applied to offenses involving cocaine base, violates the Due Process Clause; (3) the United States has discriminated against African-American defendants, who have been convicted of offenses involving the possession and distribution of cocaine base, by sentencing them pursuant to U.S.S.G. § 2D1.1; and (4) the career offender guideline cannot be applied to an offense charging a violation of 21 U.S.C. § 841(a)(1). (Docket entries #1, #2.)

## II. Discussion

A challenge to the validity of a federal conviction and sentence generally must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the

sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition normally is limited to challenging the *execution* of a sentence, or the manner in which it is being carried out, and must be initiated in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *DeSimone*, 805 F.2d at 323.

A federal court in the district of incarceration may only entertain a § 2241 habeas petition challenging the validity of a conviction or sentence if "*it also appears that the remedy by [§ 2255] motion [to the sentencing court] is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. The Eighth Circuit Court of Appeals has made it clear that the "inadequate or ineffective remedy" exception is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

The fact that an individual may be barred from filing a § 2255 motion due to

procedural barriers does *not* render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Lopez-Lopez*, 590 F.3d at 907. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim already has been raised and rejected in a § 2255 proceeding, or because a § 2255 motion would be barred as untimely or successive. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255(f) (federal defendant generally has one year from "the date on which [his] judgment of conviction becomes final" to file a § 2255 motion); § 2255(h) (successive § 2255 motion "must be certified ... by a panel of the appropriate court of appeals" to contain "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

Moreover, a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district. *Nichols*, 553 F.3d at 650; *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003); *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000).

While Petitioner currently is incarcerated in this judicial district, the claims that he is raising in this § 2241 action challenge the *validity* of the convictions and sentences imposed by the United States District Court in the Western District of

Tennessee. As previously explained, as part of his plea agreement, Petitioner waived his right to a direct appeal. Later, in his § 2255 motion and his motion to reduce sentence, which he filed with the sentencing court, Petitioner failed to raise any of the claims that he is now asserting to collaterally attack the validity of his convictions and sentences.[2]

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have [sic] existed.'" *Abdullah*, 392 F.3d at 963 (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). Petitioner unquestionably had procedural opportunities to present his current arguments in a § 2255 motion or a motion to reduce sentence filed with the trial court; however, he failed to do so. *See id.* (petitioner's "failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction"); *Hill*, 349 F.3d at 1092 (§ 2255 not inadequate where petitioner had "at least two opportunities to raise [his] argument before the sentencing district"); *Lurie*, 207 F.3d at 1077-78 (§

---

[2]To date, Petitioner has failed to obtain the required authorization from the Sixth Circuit Court of Appeals to bring these claims in a successive § 2255 motion.

2255 not inadequate because all claims asserted could have been maintained in a timely § 2255 motion or on direct appeal).

Finally, Petitioner has failed to make any arguments demonstrating how his available § 2255 remedies in the sentencing district were inadequate and ineffective. Accordingly, this Court lacks subject matter jurisdiction over this § 2241 habeas action, and it must be dismissed. See *Hill*, 349 F.3d at 1091-93; *DeSimone*, 805 F.2d at 323-24.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (docket entry #1) is DENIED, and the case is dismissed, without prejudice.

DATED this 10th day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE